IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GREGORY MARTENS | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:05-cv-1805 (RMC) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF UNITED
STATES' MOTION TO VACATE ENTRY OF DEFAULT**

This is a civil action in which plaintiff alleges that, beginning with tax year 1991, the Internal Revenue Service (IRS) disregarded various provisions of the Internal Revenue Code. Plaintiff seeks a refund of all taxes paid in, damages for alleged "wrongful collection," and injunctive and declaratory relief respecting federal taxes.

QUESTION PRESENTED

Plaintiff failed to properly serve the United States because a party attempted service of process and failed to exhaust his administrative remedies prior to filing his suit. Should this Court vacate the entry of default against the United States?

STATEMENT

1. <u>Introduction & background</u>.  Plaintiff, Gregory Martens, filed this complaint on September 12, 2005.  The complaint alleges that in connection with the collection of federal tax beginning "with 'tax year' 1991," agents and employees of the Internal Revenue Service "recklessly, intentionally, or by reason of negligence disregarded" a

laundry list of statutes from the Internal Revenue Code. (Compl. ¶7.)1/ On January 3, 2006, plaintiff filed returns of service showing that "Greg Martens" served the United States Attorney General and the United States Attorney for the District of Columbia by certified mail. (*See* PACER # 2 & #3.) As such, plaintiff's returns of service establish that service of process in this case was attempted by a party—Gregory Martens.

    2.  <u>Plaintiff's request for entry of default.</u>  On March 17, 2006, plaintiff filed a request for entry of default. (Pltfs.' Req. for Entry of Default.) In his request, plaintiff recited that he had served the United States Attorney on December 16, 2005. (Pltfs.' Req. for Entry of Default ¶ 3.) On March 21, 2006, the Clerk entered the requested default.

ARGUMENT

I

PLAINTIFF FAILED TO PROPERLY SERVE THE UNITED STATES

Under Fed. R. Civ. P. 4(c)(2), service of a summons and complaint "may be effected by any person *who is not a party*." (Emphasis added.) Conversely, a party to litigation may not serve the summons and complaint. Service of initial process *by a party to the action* is insufficient service. <u>Davis v. Garcia</u>, 222 F.R.D. 386, 388 (C.D. Cal. 2004); <u>Taylor v. Internal Revenue Service</u>, 192 F.R.D. 223, 224 (S.D. Tex. 1999); <u>Willis v. Tarasen</u>, 2005 WL 1705839, *2 (D. Minn. 2005); <u>Hanberg v. FBI</u>, 2003 WL 21730604, #1 (E.D. La. 2003); <u>Perkel v. United States</u>, 2001 WL 58964, #1 (N.D. Cal. 2001).

---

    <u>1</u>/  Plaintiff's case is one of nearly sixty known cases filed in this Court with identical or nearly identical complaints/amended complaints.

Under Fed. R. Civ. P. 4(c)(2), service of a summons and complaint "may be effected by any person who is not a party." Under rule 4(i), the United States must be served by: (1) delivering a copy of the summons and complaint to the United States attorney for the district in which the action is brought, or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney; and (2) by sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and (3) by sending a copy of the summons and complaint by registered or certified mail to the officer, employee and/or agency of the United States being sued. Fed. R. Civ. P. 4(I); Relf v. Gasch, 511 F.2d 804 (D.C. Cir. 1975); Hodge v. Rostker, 501 F.Supp. 332, 332 (D.D.C. 1980).

Failure to properly serve the United States deprives the Court of personal jurisdiction, leaving the Court with no power to compel an answer or response. Rabiolo v. Weinstein, 357 F. 2d 167, 168 (7th Cir. 1966); see also Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 715 n.6 (1982) (Powell, J. concurring). A jurisdictional defect of this sort is fatal to maintenance of an action. Bland v. Britt, 271 F.2d 193 (4th Cir. 1959). Accordingly, courts routinely dismiss actions when service is improper. See Light v. Wolf, 816 F. 2d 746, 750 (D.C. Cir. 1987). Once a defendant challenges the sufficiency of service of process, the party alleging adequate service of process has the burden of proving that such service was proper. See Myers v. American

Dental Ass'n, 695 F. 2d 716, 725 n.10 (3d Cir. 1982); Familia De Boom v. Arosa Mercantil, S.A., 629 F. 2d 1134, 1139 (5th Cir. 1980).

In this case, plaintiff Gregory Martens signed the returns of service indicating that he, himself, served the summonses on the United States Attorney General and the United States Attorney for the District of Columbia by certified mail. Gregory Martens is, of course, a party to this action, and thus cannot properly serve the summonses. Accordingly, since plaintiff has failed to properly serve the United States, the default should be vacated, and his complaint must be dismissed.

II

THE COURT LACKS SUBJECT MATTER JURISDICTION OVER
THE COMPLAINT, DUE TO PLAINTIFF'S FAILURE TO EXHAUST
ADMINISTRATIVE REMEDIES PRIOR TO FILING HIS SUIT

A. *This Court Lacks Subject-Matter Jurisdiction over Plaintiff's Refund Claims.*

This Court does not have jurisdiction over plaintiff's claim for a tax refund. Plaintiff does not allege that he has either filed a claim for refund or fully paid the federal taxes. Both are necessary to waive the United States' sovereign immunity. See United States v. Dalm, 494 U.S. 596, 601-602 (1990) (a claim for refund is necessary before filing a suit for a tax refund); 26 U.S.C. § 7422 (same); Flora v. United States, 362 U.S. 145, 177 (1960) (payment in full is required before filing a suit for a tax refund); Vanskiver v. Rossotti, 2001WL361470, *1 (D.D.C. 2001) (same). Plaintiff has the burden to show that sovereign immunity has been waived. See, e.g., Paradyne Corp. v. U.S. Dept. of Justice, 647 F.Supp. 1228, 1231 (D.D.C. 1986) (citing United States v. Sherwood,

312 U.S. 584, 586 (1941)). Under 26 U.S.C. § 7422, "[n]o suit or proceeding shall be maintained in any court for the recovery of an internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed . . . ." 26 U.S.C. § 7422(a). Since plaintiff has not even alleged that he filed a claim for refund, this Court lacks jurisdiction. <u>Dalm</u>, 494 U.S. at 601-602.

Likewise, plaintiff has not alleged that he fully paid his tax liabilities. On the contrary, he seeks an injunction to prevent the Internal Revenue Service from collecting the taxes due. (<u>See</u> Compl. ¶ 33.) This request, in itself, implies that plaintiff has not fully paid the taxes he seeks to recover — an implication fatal to a suit for refund. <u>See Flora</u>, 362 U.S. at 177.

Because plaintiff has not alleged that he filed a claim for refund and fully paid the federal taxes, the United States' sovereign immunity has not been waived, and this Court lacks subject-matter jurisdiction over his claim for a refund.

      B.    *Plaintiff's Request for Injunction Is Barred by the Anti-injunction Act*

Plaintiff seeks an order enjoining the Internal Revenue Service from engaging in any further collection activities. (Compl. ¶ 34). Such injunctive relief is barred by the Anti-Injunction Act (26 U.S.C. § 7421). The Act specifies that no court shall exercise jurisdiction over a suit for the "purpose of restraining the assessment or collection of any tax," as is the patent objective of plaintiff's claim. <u>See</u> 26 U.S.C. § 7421(a). Thus, the Act precludes this Court from exercising jurisdiction over any action, such as this one, which seeks to enjoin the collection of taxes. See <u>Foodservice & Lodging Institute, Inc.</u>

v. Reagan, 809 F.2d 842, 844-845 (D.C. Cir. 1987); American Federation of Gov't Employees, AFL-CIO v. United States, 660 F.Supp. 12, 13, (D.D.C. 1987).

Although the Supreme Court has recognized a narrow, judicial exception to § 7421, the exception is inapplicable to the present case. In Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962), the Supreme Court decided that the Anti-Injunction Act would not apply (1) if, when the facts and law are examined in the light most favorable to the government, under no circumstances could the government prevail, and (2) equity jurisdiction otherwise existed. See Flynn v. United States, 786 F.2d 586, 589 (3d Cir. 1986). The burden is on the plaintiff to demonstrate that his suit falls within the purview of the judicially-created exception to the Anti-Injunction Act. Bowers v. United States, 423 F.2d 1207, 1208 (5th Cir. 1970).

Plaintiff cannot demonstrate that under the circumstances of this case, the government could never prevail. Plaintiff alleges that the Internal Revenue Service acted improperly with respect to his "federal tax beginning with 'tax year' 1991" (Compl. ¶ 1), but does not identify the specific tax years at issue, the type of tax, amounts or dates of alleged "wrongful" collection, specifics as to the alleged wrongdoing by the Internal Revenue Service, or other facts which identify wrongdoing and his entitlement to relief. Primarily he merely expresses his dissatisfaction that the Internal Revenue Service is attempting to collect his unpaid taxes.2/

---

2/    As already discussed, an allegation conceding that taxes have not been fully paid is fatal to a suit for refund. See Flora, 362 U.S. at 177.

1619839.1                                                        6

As for the second prong, plaintiff has failed to demonstrate the existence of equitable jurisdiction. Plaintiff must show that there is irreparable injury and inadequacy of legal remedies. See, Foodservice & Lodging Institute, 809 F.2d at 844-845; Flynn, 766 F.2d at 598. In certain situations, plaintiff can temporarily forestall collection — which is the ultimate relief he requests — by requesting a "collection due process hearing" with the Internal Revenue Service. See 26 U.S.C. § 6330. Moreover, he can fully pay the taxes and then file a claim for refund. Because the Internal Revenue Code provides administrative procedures by which he can obtain relief, there is no equitable jurisdiction. Accordingly, the second prong of the Enoch test fails.

In sum, this Court lacks jurisdiction over plaintiff's request for injunctive relief because such relief is barred by the Anti-Injunction Act. Plaintiff has not established the extraordinary circumstances that may justify issuing an injunction under the judicial exception. Thus, the Court should vacate the default and dismiss this case.

    C.    *This Court Lacks Subject-Matter Jurisdiction Over Plaintiff's Damages Claim*

Plaintiff purports to state a claim for damages under 26 U.S.C. § 7433, and seeks unspecified damages (Compl. ¶ 19). This Court does not have jurisdiction over plaintiff's section 7433 claim because he has failed to demonstrate that he filed an administrative claim for damages with the Internal Revenue Service. As previously mentioned, the party bringing suit must show that the United States has unequivocally waived its sovereign immunity. McGuirl v. United States, 360 F.Supp.2d 125, 128 (D.D.C. 2004) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182-183

(1936); West v. F.A.A., 830 F.2d 1044, 1046 (9th Cir. 1987).  Section 7433 of the Internal Revenue Code (26 U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions.  The Court lacks jurisdiction over the plaintiff's claims because the predicates of section 7433 have not been met.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, taxpayers must exhaust their administrative remedies.  26 U.S.C. § 7433(a).  "A judgment for damages shall not be awarded under [7433] subsection (b) *unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.*"  26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433.  See 26 C.F.R. § 301.7433-1(e).  The regulations provide that

> *An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing* to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added).  The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including

any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer. 26 C.F.R. § 301.7433-1(e)(1) and (2). Failure to comply with this regulation deprives a court of jurisdiction. See <u>McGuirl v. United States</u>, 360 F.Supp.2d 125, 128 (D.D.C. 2004); <u>Venen v. United States</u>, 38 F.3d 100, 103 (3d Cir. 1994); <u>Conforte v. United States</u>, 979 F.2d 1375 (9th Cir. 1992).

Here, plaintiff has not alleged that he filed a written claim with the area director which complies with the requirements of the regulations. Instead, he simply states that he "has/have exhausted all administrative remedies." (Compl. ¶ 6.) Therefore, plaintiff has not met his burden to prove that the United States has unequivocally waived its sovereign immunity. Because plaintiff has not met his burden to prove exhaustion of administrative remedies, this Court does not have jurisdiction over his section 7433 claim, and the Court should vacate the default and dismiss the complaint.

## CONCLUSION

It is the position of the United States that the Clerk's entry of default should be vacated.

Date: March 29, 2006.

                                                Respectfully submitted,

                                                /s/ Pat S. Genis
                                                PAT S. GENIS, #446244
                                                Trial Attorney, Tax Division
                                                U.S. Department of Justice
                                                Post Office Box 227
                                                Washington, D.C. 20044
                                                Telephone: (202) 307-6390

OF COUNSEL:

KENNETH W. WAINSTEIN
United States Attorney

1619839.1                                                9

**CERTIFICATE OF SERVICE**

IT IS CERTIFIED that the United States' MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION TO VACATE ENTRY OF DEFAULT was served on March 29, 2006, by United States mail, postage prepaid, addressed to the following persons:

>Gregory Martens
>Plaintiff *pro se*
>4262 S. Nucla Way
>Aurora, CO 80013

                                             /s/   Pat S. Genis
                                            PAT S. GENIS, #446244