## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GREGORY MARTENS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 05-1805 (RMC)** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## <u>ORDER</u>

Plaintiff Gregory Martens filed a pro se complaint on September 12, 2005, alleging that the Internal Revenue Service, "in connection with the collection of Federal tax beginning with 'tax year' 1991[,] recklessly, intentionally or by reason of negligence disregarded" various provisions of Title 26 of the U.S. Code. Compl. ¶ 1. His complaint is among the scores of nearly identical pro se complaints filed in the U.S. District Court for the District of Columbia over the past year and a half seeking a refund, damages, and injunctive relief against the further collection of federal taxes. *Id.* ¶¶ 32-34; *see, e.g.*, *Gaines v. United States*, 424 F. Supp. 2d 219, 221 (D.D.C. 2006) (collecting cases). On March 21, 2006, the Clerk, on Plaintiff's motion, entered default against the Government [Dkt. #5]. About a week later, the Government moved to vacate the Clerk's entry of default [Dkt. #6]. That motion is now fully briefed and, as explained below, will be granted and the default set aside.

Default judgments are disfavored by modern courts. *Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980). Accordingly, under Federal Rule of Civil Procedure 55(c), so long as

judgment has not yet been entered, a default may be set aside for "good cause shown." *Id.* (quoting Fed. R. Civ. P. 55(c)).  The Government neglected to respond to the complaint for more than six months, but excuses this delay by explaining that service of process was faulty in that Mr. Martens personally served the Attorney General and the U.S. Attorney.

Proper service of process (or waiver of service) is a prerequisite to the Court's exercise of personal jurisdiction over a defendant. *Murphy Bros. Inc. v. Michetti Pipe Stringing Inc.*, 526 U.S. 344, 350 (1999).  Federal Rule of Civil Procedure 4(c)(2) provides that "[s]ervice may be effected by any person *who is not a party* and who is at least 18 years of age." Fed. R. Civ. P. 4(c)(2) (emphasis added).  Here, Mr. Martens filed returns of service indicating that he *personally* served the Attorney General and the U.S. Attorney by certified mail.  He argues that this is sufficient under Rule 4(i), which prescribes the manner for serving the United States and its agencies.  But compliance with Rule 4(i), which deals with whom to serve when the federal government is a defendant, does not relieve a plaintiff from the independent burden to comply with Rule 4(c), which addresses who may accomplish that service.  *Otto v. United States*, No. 05-2319, 2006 U.S. Dist. LEXIS 54494, at *4-5 (D.D.C. June 28, 2006); *Perkel v. United States*, No. 00-4288, 2001 U.S. Dist. LEXIS 465, at *2 (N.D. Cal. Jan. 9, 2001).

In view of the error in effecting service, the preference for resolving disputes on their merits, the absence of any indication that the Government's delay was willful or that setting aside the default would prejudice Mr. Martens, and the apparent validity of the Government's defense, the Court finds good cause to set aside the Clerk's entry of default.  *See Jackson*, 636 F.2d 831, 836 (D.C. Cir. 1980) (stating standard).  Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Vacate Entry of Default[1] [Dkt. #6] is

**GRANTED**; and it is

**FURTHER ORDERED** that the Clerk's entry of default [Dkt. #5] is **VACATED**.

**SO ORDERED**.

Date: February 14, 2007                                   /s/
                                               ROSEMARY M. COLLYER
                                               United States District Judge

copy to:
Gregory Martens
4262 S. Nucla Way
Auroa, CO  80013

---

[1] The Government also argues that the Court lacks subject matter jurisdiction over Plaintiff's complaint. Def.'s Mot. at 4-9 [Dkt. #6].  However, it requests only that the default be set aside, not that the complaint be dismissed.  *Id.* at 9; *see also* Def.'s Proposed Order at 1 [Dkt. #6-2]. Accordingly, the Court understands the Government's jurisdictional argument as an attempt to demonstrate the existence of a valid defense, not as a motion to dismiss.