This is the cached copy of http://www.treas.gov/tigta/auditreports/2004reports/200430094fr.html.

# Additional Efforts Are Needed to Ensure Taxpayer Rights Are Protected When Manual Levies Are Issued

## April 2004

## Reference Number:Â  2004-30-094

**This report has cleared the Treasury Inspector General for Tax Administration disclosure review process and information determined to be restricted from public release has been redacted from this document.**

April 29, 2004

MEMORANDUM FOR COMMISSIONER, SMALL BUSINESS/ SELF-EMPLOYED DIVISION

FROM:Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  *(for)*Â Â  Gordon C. Milbourn III /s/ Margaret E. Begg
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Acting Deputy Inspector General for **Audit**

> SUBJECT:Â Â Â Â  Final **Audit** Report - Additional Efforts Are Needed to Ensure Taxpayer Rights Are Protected When Manual Levies Are IssuedÂ  (**Audit** # 200330031)

This report presents the results of our review to determine whether the Internal Revenue Service (IRS) has complied with 26 United States Code (U.S.C.) Section (Â§) 6330, Notice and Opportunity for Hearing Before Levy.Â  The IRS Restructuring and Reform Act of 1998 (RRA 98) requires the IRS to notify taxpayers at least 30 days before initiating any levy action, to give taxpayers an opportunity to formally appeal the proposed levy.Â  Specifically, we determined whether the IRS has sufficient controls in

place to ensure taxpayers are advised of their right to a hearing at least 30 days prior to levy action.Â  This is the sixth annual report the Treasury Inspector General for Tax Administration (TIGTA) has issued in compliance with the RRA 98 to determine whether the IRS is complying with legal guidelines over the issuance of levies.

Prior TIGTA reports have recognized that the IRS has implemented tighter controls over the issuance of systemically generated levies.Â  This was due primarily to the development of systemic controls in both the Automated Collection System and Integrated Collection System (ICS) to prevent a levy from being generated unless there were at least 30 days between the date taxpayers received notice of their appeal rights and the date of the proposed levy.Â  Our testing of these controls indicated that they continue to function effectively.

However, last yearâ€™s report also discussed the fact that revenue officers sometimes issued manual levies to taxpayers who were not properly notified of their appeal rights.Â  We recommended the IRS require managers to review and approve all manual levies prepared by revenue officers in order to ensure taxpayers are properly advised of their appeal rights.Â  The IRS declined to implement this recommendation but did issue a memorandum on June 20, 2003, reminding revenue officers that proper notification must be given to a taxpayer before a manual levy is issued.Â  Our review of manual levies issued between July 1 and October 31, 2003, indicated that this corrective action was not effective.Â  Revenue officers are still not always properly notifying taxpayers of their appeal rights.Â  Specifically, in 5 of 40 cases reviewed, we determined that revenue officers issued manual levies to seize the assets of taxpayers who had not been notified of their appeal rights.Â  We recommended the Commissioner, Small Business/Self-Employed Division, reconsider requiring managers to review all manual levies prepared by a revenue officer.

Managementâ€™s Response:Â  While IRS management agreed that taxpayersâ€™ rights must be protected, they did not agree with our recommendation to have group managers approve all manual levies prepared by revenue officers.Â  They expressed concern about the impact on field employees that further increasing the oversight of enforcement action could have.Â  IRS management also indicated they believe the errors evidence a training issue.

To help address these concerns and reinforce the existing procedures, the IRS issued an ICS Alert on March 5, 2004.Â  This Alert reminded employees to ensure taxpayer rights are protected whenever a manual levy is issued.Â  Managementâ€™s complete response to the draft report is included as Appendix V.

Office of **Audit** Comment:Â  We recognize the IRSâ€™ caution in implementing any managerial action it believes may inhibit effective enforcement action by revenue officers.

· Â  However, we also recognize the importance of the RRA 98 provision requiring that taxpayers be properly advised of their appeal rights prior to asset seizure through levy action.Â  We hope the IRS's issuance of the ICS Alert reminding revenue officers that all notice requirements must be satisfied before a manual levy is issued will suffice to ensure taxpayer rights are adequately safeguarded.Â  While we still believe our recommendation is worthwhile, we do not intend to elevate our disagreement concerning it to the Department of the Treasury for resolution.Â  We will continue to closely monitor this issue during future mandatory reviews of the IRS's collection activities.

Copies of this report are also being sent to IRS managers affected by the report recommendation.Â  Please contact me at (202) 622-6510 if you have questions or Parker Pearson, Acting Assistant Inspector General for **Audit** (Small Business and Corporate Programs), at (410) 962-9637.

# Table of Contents

Background

Controls Implemented to Protect Taxpayer Rights During the Issuance of Systemic Levies Are Operating Effectively

Revenue Officers Are Still Issuing Some Manual Levies Without Properly Notifying Taxpayers of Their Appeal Rights

    Recommendation 1:

Appendix I â€" Detailed Objective, Scope, and Methodology

Appendix II â€" Major Contributors to This Report

Appendix III â€" Report Distribution List

Appendix IV â€" Outcome Measures

Appendix V â€" Management's Response to the Draft Report

## Background

When taxpayers refuse to pay delinquent taxes, the Internal Revenue Service (IRS) has authority to work directly with financial institutions and other third parties to seize taxpayers' assets.

·Â  This action is commonly referred to as a â€œlevy.â€•Â  The IRS Restructuring and Reform Act of 1998 (RRA 98) requires the IRS to notify taxpayers at least 30 days before initiating a levy action, to give taxpayers an opportunity to formally appeal the proposed levy.

The RRA 98 also requires the Treasury Inspector General for Tax Administration (TIGTA) to annually verify whether the IRS is complying with the new provisions.Â  This is the sixth year that the TIGTA has evaluated the controls over levies.

Two operations within the IRS issue levies to collect delinquent taxes:

ℜ•    The Automated Collection System (ACS), where Customer Service Representatives (CSR) contact delinquent taxpayers by telephone to collect unpaid taxes and secure tax returns.

ℜ•    The Collection Field function (CFf), where revenue officers contact delinquent taxpayers in person as the final step in the collection process.Â  Field contact becomes necessary when the ACS does not resolve the tax matter.Â  Delinquent cases that are assigned to revenue officers in the IRS field offices are controlled and monitored with the Integrated Collection System (ICS).

Both operations issue two types of levies:Â  systemically generated levies and manual levies.Â  Previous TIGTA reports have recognized the IRS has significantly improved controls over the issuance of systemically generated levies.Â  However, the TIGTAâ€™s June 2003 report did identify that additional controls are needed over manual levies issued by revenue officers.

This review was conducted at the Small Business/Self-Employed (SB/SE) Division Headquarters in New Carrollton, Maryland, and at Compliance Area 3 and 11 Offices, headquartered in Philadelphia, Pennsylvania, and Denver, Colorado, respectively.Â  We conducted the **audit** from October 2003 through February 2004 in accordance with *Government Auditing Standards*.

Detailed information on our **audit** objective, scope, and methodology is presented in Appendix I. Â  Major contributors to the report are listed in Appendix II.

## Controls Implemented to Protect Taxpayer Rights During the Issuance of Systemic Levies Are Operating Effectively Â

Systemic controls in both the ACS and ICS are effective to ensure taxpayers receive timely notification of their appeal rights.

## ACS controls

The first step in the collection process involves mailing taxpayers a series of notices asking for payment of delinquent taxes.Â  If taxpayers do not comply, the majority of the accounts are forwarded to an ACS Call Center where CSRs contact taxpayers by telephone to resolve their accounts.Â  If accounts cannot be resolved, CSRs have the authority to issue levies.

Virtually all levies issued by CSRs are generated through the ACSâ€™ automated system. This automated system contains a control, developed to comply with the RRA 98, that compares the date the taxpayer was notified of the pending levy with the date requested for the actual levy. If there are fewer than 30 days between the dates, the system will not generate a levy. This control is designed to ensure taxpayers have been notified at least 30 days prior to the levy and have been informed of their appeal rights for any systemically generated levy.

We tested the effectiveness of this control by reviewing a random sample of 30 systemically generated levies issued by the ACS between July 1 and October 31, 2003. All 30 taxpayers were timely notified of their appeal rights. During fieldwork, we also tested the control by requesting a levy on a live case for which fewer than 30 days had elapsed since the final notice date. The system would not issue the levy. Based on these results, we concluded that the systemic controls over levies issued in the ACS Call Centers effectively protect taxpayersâ€™ appeal rights.

## ICS controls

Many times, notices and telephone calls to taxpayers do not successfully resolve delinquent accounts, and cases have to be assigned to revenue officers in CFf offices for face-to-face contact with taxpayers. Cases assigned to revenue officers are controlled on the ICS. Revenue officers use the ICS to record collection activity on delinquent cases and generate certain enforcement actions such as levies.

The IRS installed a control in the ICS similar to the control in the ACS that prevents a levy from being issued unless taxpayers have received 30 days notice and been informed of their appeal rights. If fewer than 30 days have elapsed since the final notice date, the system will not generate a levy.

We tested the effectiveness of this systemic control by reviewing a random sample of 30 ICS cases that had levies issued between July 1 and October 31, 2003. All 30 of the taxpayers had received notification of their appeal rights at least 30 days prior to the levy. Next, we tested the control by attempting to generate a levy on a live case for which fewer than 30 days had elapsed since the final notice date. The system would not issue the levy.

Finally, we tested another systemic control by attempting to alter a critical date in the ICS history section. We could not alter the date to generate the levy. Based on these results, we concluded that the systemic controls over levies issued by revenue officers in CFf offices effectively protect taxpayersâ€™ appeal rights.

While the IRS has done an effective job of implementing controls over systemic levies generated by the ACS and ICS, additional controls are needed over manual levies issued by revenue officers.

## Revenue Officers Are Still Issuing Some Manual Levies Without Properly Notifying Taxpayers of Their Appeal Rights

The second type of levy that both CSRs and revenue officers can issue is the manual levy. Â That is, the levy is issued outside of the ACS and ICS automated processes and is not subject to the systemic controls.

Because manual levies are issued outside of the ACS and ICS automated processes, an automated **audit** trail for these actions is not produced. Â Therefore, it is impossible to reliably determine the exact number of manual levies that were issued by either CSRs or revenue officers during our review period. Â IRS management did inform us that they believe manual levies are issued infrequently.

Although the ACS CSRs primarily issue levies systemically, they also issue manual levies under certain circumstances, such as levies on Individual Retirement Accounts and jeopardy situations. Â Manual levies require the same advance notification of the taxpayer as systemic levies except in cases involving jeopardy situations. Â IRS procedures require that manual levies issued by CSRs be reviewed and approved by a manager prior to the levy being issued. Â We consider this managerial review to be a strong control.

Revenue officers similarly issue levies systemically, in most cases, through the ICS. Â They are also authorized to issue a manual levy on any case as needed. Â While managerial approval is mandatory for manual levies issued by ACS employees, no review or approval is required when revenue officers issue a manual levy. Â

We believe there is a high risk associated with these manual levies because the IRS has not implemented any controls to ensure taxpayersâ€™ appeal rights are protected as required by the RRA 98. Â Our June 2003 report discussed the fact that revenue officers sometimes issued manual levies to taxpayers who were not properly notified of their appeal rights. Â We recommended the IRS require managers to review and approve all manual levies prepared by revenue officers in order to ensure taxpayers are properly advised of their appeal rights. Â The IRS declined to implement this recommendation because it believed it would impede prompt enforcement action. Â The IRS did issue a memorandum on June 20, 2003, reminding revenue officers that proper notification must be given to a taxpayer before a manual levy is issued.

We analyzed the ICS case inventory assigned to revenue officers to identify any manual levies issued between July 1 and October 31, 2003. Â Because there is no automated **audit** trail produced for manual levies, we analyzed case history comments for any references to a manual levy. Â Using this methodology, we identified 40 cases in which a manual levy was issued to seize taxpayersâ€™ assets. Â In 5 of the 40 cases, the revenue officer did not properly notify the taxpayers of their appeal rights before issuing the manual levies. Â None of the five manual levies involved jeopardy situations. Â Because of the imprecise nature of revenue officer case history entries, there could have been significantly more manual levies issued during our review period than the 40 we identified.

Not offering appeal rights to taxpayers prior to issuing levies is a potential Section 1203 violation of the RRA 98 and could result in the revenue officer being terminated for misconduct.  We have referred the five cases to the TIGTA Office of Investigations for further evaluation.

## Recommendation

1.  The Commissioner, SB/SE Division, should reconsider developing and implementing controls over manual levies issued by revenue officers working in the IRS field offices to ensure taxpayers are properly offered their appeal rights.  At a minimum, the Commissioner, SB/SE Division, should require that manual levies be reviewed and approved by a manager.  This would help ensure the 30•day requirement has been met before levy action.

Management's Response:  While IRS management agreed that taxpayers' rights must be protected, they did not agree with our recommendation to have group managers approve all manual levies prepared by revenue officers.  They expressed concern about the impact on field employees that further increasing the oversight of enforcement action could have.  IRS management also indicated they believe the errors evidence a training issue.

To help address these concerns and reinforce the existing procedures, the IRS issued an ICS Alert on March 5, 2004.  The Alert reminded employees to ensure taxpayer rights are protected whenever a manual levy is issued.  It also included a reminder that the final notice issued by the campuses does not contain the appropriate due process notification.

Office of **Audit** Comment:  We recognize the IRS' caution in implementing any managerial action it believes may inhibit effective enforcement action by revenue officers.  However, we also recognize the importance of the RRA 98 provision requiring that taxpayers be properly advised of their appeal rights prior to asset seizure through levy action.  We hope the IRS' issuance of the ICS Alert reminding revenue officers that all notice requirements must be satisfied before a manual levy is issued will suffice to ensure taxpayer rights are adequately safeguarded.  We will continue to closely monitor this issue during future mandatory reviews of the IRS' collection activities.

**Appendix I**

## Detailed Objective, Scope, and Methodology

The overall objective of this review was to determine whether the Internal Revenue Service (IRS) has complied with 26 United States Code (U.S.C.) Section (§) 6330, Notice and Opportunity for Hearing Before Levy.  To accomplish our objective, we:

I.      Determined whether the IRS was maintaining sufficient automated controls and

procedures to ensure taxpayers had been advised of their right to a hearing at least 30 days prior to any levy action.

A. Performed a walk-through of two Automated Collection System (ACS) Call Centers and four Collection Field function offices and evaluated procedures and controls over due process notices.

B. Tested whether systemic controls in the ACS and the Integrated Collection System (ICS) were preventing levies from being issued in fewer than 30 days from the final notice date.

C. Tested whether IRS employees could modify the final notice date in the ACS and ICS.

D. Selected a random sample of 30 ICS levies from the population of 110,670 levies issued between July 1 and October 31, 2003, from the ICS database of open cases. We analyzed Master File transcripts and the ICS record history for the sample cases selected and verified whether taxpayers had been advised of their right to a hearing at least 30 days prior to any levy action. We did not use statistical sampling because, based on prior years' testing, we did not anticipate finding any errors; consequently, we would not need to project our results.

E. Selected a random sample of 30 ACS levies from the population of 510,288 levies issued between July 1 and October 31, 2003, from the ACS database of open cases. We analyzed Master File transcripts and the ACS record history for the sample cases selected and verified whether taxpayers had been advised of their right to a hearing at least 30 days prior to any levy action. We did not use statistical sampling because, based on prior years' testing, we did not anticipate finding any errors; consequently, we would not need to project our results.

II.  Determined whether manual levies issued by revenue officers complied with legal guidelines in 26 U.S.C. § 6330.

A. Identified any references to manual levies issued between July 1 and October 31, 2003, by querying the narrative history text field of the ICS open case inventory. We identified a population of 40 manual levies that were issued during our review period and included all of them in our review.

1. Requested complete case history files (history query) for all cases containing references to manual levies identified in step II.A.

2. Reviewed case history documentation and identified whether a revenue officer had issued a manual levy.

3. Analyzed Master File transcripts and ICS history files to determine whether

taxpayers were provided at least 30 days notice prior to any levy action initiated by the IRS.

**Appendix II**

## Major Contributors to This Report

Parker F. Pearson, Acting Assistant Inspector General for **Audit** (Small Business and Corporate Programs)
Richard Dagliolo, Director
Anthony J. Choma, **Audit** Manager
Cynthia Dozier, Senior Auditor
Mildred Rita Woody, Senior Auditor
Seth Siegel, Auditor

**Appendix III**

## Report Distribution List

CommissionerÂ  C
Office of the Commissioner â€" Attn:Â  Chief of StaffÂ  C
Deputy Commissioner for Services and EnforcementÂ  SE
Commissioner, Wage and Investment DivisionÂ  SE:W
Acting Deputy Commissioner, Small Business/Self-Employed DivisionÂ  SE:S
Deputy Commissioner, Wage and Investment DivisionÂ  SE:W
Acting Director, Compliance, Small Business/Self-Employed DivisionÂ  SE:S:C
Director, Compliance, Wage and Investment DivisionÂ  SE:W:CP
Director, Strategy and Finance, Wage and Investment DivisionÂ  SE:W:S
Chief CounselÂ  CC
National Taxpayer AdvocateÂ  TA
Director, Office of Legislative AffairsÂ  CL:LA
Director, Office of Program Evaluation and Risk AnalysisÂ  RAS:O
Office of Management ControlsÂ  OS:CFO:AR:M
**Audit** Liaisons:
Â Â Â Â Â Â Â Â Â Â  Commissioner, Small Business/Self-Employed DivisionÂ  SE:S
Commissioner, Wage and Investment DivisionÂ  SE:W

**Appendix IV**

## Outcome Measures

This appendix presents detailed information on the measurable impact that our recommended corrective action will have on tax administration. Â  This benefit will be incorporated into our Semiannual Report to the Congress.

Type and Value of Outcome Measure:

ℜ• Taxpayer Rights and Entitlements â€" Actual; five taxpayers did not receive notice of their appeal rights before the Internal Revenue Service (IRS) took levy action (see page 4).

Methodology Used to Measure the Reported Benefit:

We analyzed (using computerized queries) the Integrated Collection System case inventory of delinquent taxpayers assigned to revenue officers and identified 40 manual levies issued between July 1 and October 31, 2003. Â  Since the IRS does not monitor or record the use of manual levies, we were unable to determine the total number of manual levies actually issued by revenue officers working in field offices. Â  Because the population of manual levies is unknown, the findings of our case review cannot be projected.

**Appendix V**

## Managementâ€™s Response to the Draft Report

*The response was removed due to its size. Â  To see the response, please go to the Adobe PDF version of the report on the TIGTA Public Web Page.*