IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GREGORY MARTENS          )
                               )
          Plaintiff,         )      No. 1:05-cv-1805 (RMC)
                               )
        v.                )
                               )
UNITED STATES,          )
                               )
          Defendant.     )

## UNITED STATES' REPLY IN SUPPORT OF MOTION TO DISMISS

The United States submits this reply to address three points raised by plaintiff in his opposition to the motion to dismiss.  The United States otherwise relies on its motion to dismiss.

STATEMENT & DISCUSSION

1. Background.  This is a civil action in which plaintiff alleges that the Internal Revenue Service  disregarded various provisions of the Internal Revenue Code. Plaintiff seeks damages for alleged wrongful collection, a tax refund, and injunctive relief respecting further federal tax collection against him.  The United States moved to dismiss asserting that plaintiff failed to properly serve the United States and that this Court lacks jurisdiction over plaintiff's damages and refund claims and plaintiff's request for injunctive relief.

2.  <u>Plaintiff's opposition</u>.  Plaintiff presents eight arguments in opposition to the United States' motion to dismiss, only two of which merit any discussion here.1/  In addition, plaintiff claims that he exhausted his administrative remedies by sending a verified administrative claim to the Internal Revenue Service, Area 11, Area Director Denver, 6000 17th Street, Denver, CO 80202-2490, which the Internal Revenue Service received on July 10, 2006.   Plaintiff's arguments 1, 2, 3, 4, 5 and 7 are fully discussed in the United States' motion to dismiss.  This brief will discuss plaintiff's arguments 6, and 8, and plaintiff's claim that he has now exhausted his administrative remedies.

3.  <u>Section 26 U.S.C. § 301.7433-1 is a valid regulation</u>.  Plaintiff asserts that 26 U.S.C. § 301.7433-1 "is an unreasonable interpretation" of the current statutory provision; "exceeds the authority of the statute;" impermissibly converts damages actions into refund action;" and "frustrates congress' intent."  (Pl. Resp. at 12-19.)

*Chevron* provides the analytical framework for considering the validity of this regulation.  *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 476 U.S. 837 (1984).  Regulations issued by an agency to interpret the application of a statute are

---

1/    Plaintiff's arguments are: 1) did plaintiff comply with Fed.R.Civ.P. 4(i) in serving the United States (Pl. Resp. p.1); 2) did the United States misrepresent the status of the Court's subject matter jurisdiction (p.7); 3) did plaintiff adequately demonstrate his exhaustion of administrative remedies under the notice pleading regime of the federal courts (p.7); 4) were plaintiff's notice pleadings sufficient to establish a presumption of a pattern of unlawful activity (p.10); 5) did the United States "read into" section 7433 an exhaustion requirement that was not in the statute (p.11); 6) is 26 U.S.C. § 301.7433-1 a valid regulation (p.12); 7) did the United States willfully misconstrue plaintiff's complaint as a refund suit (p.19; and 8) was the United States' anti-injunction assertion a fraud upon the Court (p.20)?

entitled to deference as long as the regulations implement the statute in some

reasonable manner. *Id.* at 843-45. The standard of validity is not whether the agency's

construction is the *only* permissible reading, or even the "best" among permissible

readings, or whether the regulation reaches a result that the court would have reached

if the issue had first been presented in a judicial proceeding. *See id.* at 843, n.11; *Nichols*

*v. United States*, 260 F.3d 637, 644 (6th Cir. 2001). Rather, if the challenged regulation

represents a reasonable policy choice within an area intentionally or inadvertently left

open by Congress, the regulation should be upheld. *Chevron*, 467 U.S. at 865-866; *see*

*also Nat'l Cable & Telecommunications Ass'n v. Brand X Internet Services*, 545 U.S. 967, 980

(2005).

        Under *Chevron*'s two-step procedure, the first inquiry is whether the statute

directly and conclusively addresses the precise question at issue. If the statute does not

provide the answer, being either silent or ambiguous, the next step mandates upholding

the agency's interpretation as long as the agency's construction "is a reasonable policy

choice for the agency to make." *Chevron*, 467 U.S. at 845. Congress explicitly directed

the Secretary of the Treasury to issue "all needful rules and regulations" for the

enforcement of the Internal Revenue Code. 26 U.S.C. § 7805(a). It is well settled that a

court should ordinarily defer to the regulation if it implements the congressional

mandate in some reasonable manner. *National Muffler Dealers Ass'n v. United States*, 440

U.S. 472, 476 (1979) (quoting *United States v. Correll*, 389 U.S. 299, 307 (1967)); *Boulez v.*

*Comm'r*, 810 F.2d 209 (1987); *Debt Buyers Ass'n v. Snow*, 2006 WL 598143, * 9 (D.D.C.

2248302.1

2006) (Kollar-Kotelly, J.). To determine whether the regulation carries out the congressional mandate in a reasonable manner, courts look to see whether the regulation harmonizes with the plain language of the statue, its origin, and its purpose. *National Muffler Dealers Ass'n*, 440 U.S. at 477.

The requirement that a party must exhaust administrative remedies prior to filing suit was contained in the first Taxpayer Bill of Rights (TBOR I). After publication of the original Treasury regulations under section 7433, courts determined that section 7433(d) was a jurisdictional bar to an action in court absent exhaustion of administrative remedies. *See, e.g., Venen v. United States*, 38 F.3d 100 (3d Cir. 1994). In 1996, Congress enacted TBOR II, which amended section 7433(d) to provide that failure to exhaust administrative remedies was merely a factor that the court could use to reduce a judgment. Then, in 1998, Congress enacted TBOR III which reinstated, verbatim, the language of TBOR I, which required exhaustion of administrative remedies prior to filing suit in district court. *See also* H.R. Rep. 105-364, pt. 1, at 59 (1997); S. Rep. 105-174, at 49 (1998).

The language in section 7433(d)(1), as well as the legislative history, makes clear that Congress intended the Service to create an administrative scheme to allow individuals the opportunity to seek an administrative resolution of claims for damages sustained from unauthorized collection action by the Government. The rules in 26 C.F.R. § 301.7433-1 fill in the gaps of the requirement that administrative remedies be exhausted. To the extent that these rules implement the intent of Congress in some

2248302.1

reasonable fashion, which defendants contend they do, they will be held valid under the principles articulated in *Chevron*.

The regulation provides a straightforward and simple administrative procedure that allows individuals to seek an administrative resolution of claims under section 7433. Paragraph (a) of the regulation reiterates the statutory requirement that a taxpayer must file an administrative claim that meets the requirements set forth in paragraph (e) and wait for the required period of time under paragraph (d) prior to filing suit in district court. 26 C.F.R. § 301.7433-1(a). The requirements described in paragraph (e) provide the proper place to file the required administrative claim, as well as the information that must be included in the claim. 26 C.F.R. § 301.7433-1(e). Specifically, a taxpayer is required to provide (1) his/her name and current contact information; (2) grounds, in reasonable detail, for the claim; (3) description of the injuries incurred; (4) dollar amount of the claim; and (5) his/her signature or the signature of a duly authorized representative. 26 C.F.R. § 301.7433-1(e). Such information is simply basic information in order to provide the Service with adequate notice as to why a taxpayer asserts he/she is entitled to damages. From this information, the Service may investigate a taxpayer's claims and make an informed determination. By requiring a taxpayer to wait six months after filing an administrative claim before filing an action in district court, the IRS is provided time to gather evidence

and consider, and perhaps settle, the claim before litigation.2/  Thus, the procedures

described in the regulation are far from an unreasonable interpretation of Congress's

mandate to create an administrative scheme to allow informal consideration of section

7433 claims prior to invoking judicial review.  Thus the regulation is plainly valid.

     4.  <u>Plaintiff has not properly invoked any statutory exception to the Anti-</u>

<u>Injunction Act</u>.  Plaintiff asserts that the United States' anti-injunction assertions are a

fraud upon the Court.  Plaintiff points out that his complaint alleged that the Internal

Revenue Service disregarded three statutes that are exceptions to the Anti-Injunction

Act: 1) 26 U.S.C. § 6212 "by failing to sent plaintiff(s) a notice of deficiency (90 day

letter)"; 2) 26 U.S.C. § 6213(a) "by failing to notice plaintiff(s) of the last date on which

plaintiff(s) could file a petition to the Tax Court;" and 3) 26 U.S.C. § 6330(a) "by failing

to provide plaintiff(s) with notice of a right to an impartial hearing."  (*See* Compl. ¶ 7(g),

(h) & (m).)  Section 7421 enumerates several exceptions to the broad prohibition against

orders enjoining the assessment or collection of federal taxes, including, as relevant

here, sections 6212(a) & (c), 6213(a) and 6330(e)(1).  26 U.S.C. § 7421(a).  But none of the

exceptions apply where, as here, plaintiff has not offered any factual basis whatsoever

to support his conclusory statements.  *See Lindsey v. United States*, 448 F.Supp.2d 37, 58

n.13 (D.D.C. 2006.)

---

     2/ The section also includes an exception.  If an administrative claim is filed
within the last six months of the two year period of limitations, the taxpayer may file an
action in court immediately after filing his administrative claim.

5. <u>Plaintiff's belated attempt to exhaust his administrative remedies is
insufficient</u>.  Plaintiff's complaint failed to allege that he exhausted his administrative
remedies.  (*See* US Mot. to Dismiss at 9.)  Plaintiff now claims that he exhausted his
administrative remedies by filing an administrative claim which the Internal Revenue
Service received on July 10, 2006.  Assuming *arguendo* that plaintiff did file an
administrative claim, there are still numerous problems with his belated filing.  First,
because he failed to attach a copy of the claim, it is unclear that he included the required
information.  Plaintiff is required to provide the following information: (1) the grounds
for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar
amount of the claim, including any damages not yet incurred but that are reasonably
foreseeable; and (4) the signature of the taxpayer.  26 C.F.R. § 301.7433-1(e)(1) and (2);
*c.f. Evans v. United States*, 443 F.Supp.2d 17, 22-23 (D.D.C. 2006) (holding 26 C.F.R. §
301.7433-1 to be a reasonable interpretation entitled to deference); *Lohmann v. United
States*, 2006 WL 1826770, *3 (D.D.C. 2006) (same); *Broward v. United States*, 2006 WL
1827733, *3 (D.D.C. 2006) (same); *Ting v. United States*, 2006 WL 1774516, * 2-3 (D.D.C.
2006).

Second, plaintiff alleged the Internal Revenue Service received his administrative
claim on July 10, 2006.  Thus, his lawsuit was filed prematurely.  Taxpayers seeking
damages for alleged wrongful collection of federal taxes must file an administrative
claim prior to filing suit and must wait 6 months before commencing a suit in district
court, unless the Secretary issues a ruling earlier.  26 C.F.R. § 301.7433-1(d).  Here,

2248302.1

plaintiff filed his complaint on September 12, 2005.  It is clear that plaintiff filed his administrative claim, if at all, *after* he filed suit in district court.  Thus, plaintiff's complaint and amended complaint were prematurely filed.

Moreover, plaintiff's premature filing cannot be cured by the passage of time. Plaintiff cannot file suit and then exhaust administrative remedies.  *See McNeil v. United States*, 508 U.S. 106, 111 (1993) ("The command that an 'action shall not be instituted ⋯ unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail' is unambiguous.  We are not free to rewrite the statutory text.").  Because plaintiff failed to allege that he filed an administrative claim for damages *prior to filing suit*, the Court should dismiss the amended complaint.

/

/

/

/

/

/


/

/

/

2248302.1

CONCLUSION

For the reasons stated in the United States' motion to dismiss and the reasons stated above, the United States respectfully requests the Court grant the motion and dismiss the case.

DATE: March 21, 2006.            Respectfully submitted,

/s/ Pat S. Genis
PAT S. GENIS, #664266
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Phone/Fax:  (202) 307-6390/514-6866
Email: pat.genis@usdoj.gov


OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

<u>CERTIFICATE OF SERVICE</u>

IT IS CERTIFIED that the foregoing UNITED STATES' REPLY IN SUPPORT OF

MOTION TO DISMISS was served upon plaintiff *pro se* on March 21, 2007 by depositing

a copy in the United States' mail, postage prepaid, addressed as follows:

>
> Gregory Martens
> Plaintiff *pro se*
> 4262 S. Nucla Way
> Aurora, CO 80013

/s/ Pat S. Genis
PAT S. GENIS #446244

-13-

2248302.1