UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **GREGORY MARTENS,** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 05-1805 (RMC) |
| **UNITED STATES OF AMERICA,** | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

Plaintiff Gregory Martens filed a *pro se* Complaint against the United States, alleging that beginning with tax year 1991, the Internal Revenue Service ("IRS") "recklessly, intentionally, or by reason of negligence disregarded" various provisions of Title 26 of the U.S. Code in connection with the collection of federal taxes. Compl. ¶¶ 1 & 7. This Complaint is among the scores of nearly identical *pro se* complaints filed in the U.S. District Court for the District of Columbia seeking a refund, damages, and injunctive relief against further collection of federal taxes. *See, e.g.*, *Gaines v. United States*, 424 F. Supp. 2d 219, 221 (D.D.C. 2006) (collecting cases). The Plaintiff essentially argues that he is entitled to damages, a refund, and injunctive relief because the IRS improperly assessed his taxes for the tax years at issue and failed to provide him with records adequately reflecting the tax assessments made. Compl. at 3-5.

The Government now moves to dismiss the Complaint. After careful review of the Plaintiff's Complaint and his opposition to the Government's motion to dismiss, and recognizing that Plaintiff is proceeding *pro se* in this matter, the Court finds that the Complaint must be

dismissed because: (1) Mr. Martens failed to exhaust his administrative remedies, a prerequisite to both a suit for damages for wrongful collection of taxes and for a tax refund; and (2) Mr. Martens's injunction claim is barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a).

## I. LEGAL STANDARDS

The Government moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and, in the alternative, pursuant to Rule 12(b)(6).[1]  Under Rule 12(b)(1), which governs motions to dismiss for lack of subject matter jurisdiction, a plaintiff bears the burden of establishing by a preponderance of the evidence that the Court possesses jurisdiction. *See Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002); *Pitney Bowes Inc. v. U.S. Postal Serv.*, 27 F. Supp. 2d 15, 19 (D.D.C. 1998); *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 195 (D.D.C. 2002). It is well established that, in deciding a motion to dismiss for lack of subject matter jurisdiction, a court is not limited to the allegations set forth in the complaint, "but may also consider material outside of the pleadings in its effort to determine whether the court has jurisdiction in the case." *Alliance for Democracy v. Fed. Election Comm'n*, 362 F. Supp. 2d 138, 142 (D.D.C. 2005); *see Lockamy v. Truesdale*, 182 F. Supp. 2d 26, 30-31 (D.D.C. 2001).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to

---

[1] Def.'s Reply at 9 n. 3 ("[I]f . . . exhaustion of administrative remedies is not jurisdictional, the Court should dismiss plaintiff's complaint for failure to state a claim for which relief can be given . . . . .").

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). The court must treat the complaint's factual allegations — including mixed questions of law and fact — as true, drawing all reasonable inferences in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003). The facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S. Ct. at 1965. The court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Browning*, 292 F.3d at 242. In deciding a 12(b)(6) motion, the Court "may only consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt, v. Chao*, 226 F. Supp. 2d at 196 (D.D.C. 2002) (citation omitted).

## II.  DISCUSSION

### A. Damages Claims

Mr. Martens invokes the subject matter jurisdiction of the Court pursuant to 26 U.S.C. § 7433, which provides a cause of action for damages for certain violations of Title 26. Compl. ¶ 1. That statute provides:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in [26 U.S.C. §] 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

26 U.S.C. § 7433(a). However, § 7433 also explicitly requires that administrative remedies be exhausted as a predicate to suit: "A judgment for damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." *Id.* § 7433(d)(1). The IRS, in turn, has promulgated regulations that mandate that damages actions under § 7433 "may not be maintained unless the taxpayer has filed an administrative claim." 26 C.F.R. § 301.7433-1(a).[2] Administrative claims must be submitted to the "Area Director, Attn: Compliance Technical Support Manager" and must include, *inter alia*, the grounds for the claim, a description of the injury incurred, including a dollar amount, and any substantiating documentation. *Id.* § 301.7433-1(e)(2). Until the IRS rules on a properly filed claim, or six months pass without a ruling, no civil action for damages will lie. *Id.* § 301.7433-1(d); *see also Gaines*, 424 F. Supp. 2d at 221-22 (describing statutory and regulatory scheme); *Turner v. United States*, 429 F. Supp. 2d 149, 151 (D.D.C. 2006) (same).

There are no exceptions to the exhaustion requirement set forth in § 7433. *Id.* at 152. In *Turner*, the taxpayer did not contest that he had failed to exhaust his administrative remedies, but instead argued that it would be futile to make the attempt because the administrative remedies were

---

[2] Plaintiff alleges that the regulation is "an unreasonable interpretation" of the current statutory provision and "frustrates Congress' intent." Pl.'s Resp. at 12-19. Under the framework created in *Chevron*, the regulation at 29 C.F.R. § 301.7433-1(a), interpreting § 7433, is valid. *See Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 476 U.S. 837 (1984). Regulations issued by an agency interpreting and applying its governing statute are entitled to deference as long as the regulations implement the statute in some reasonable manner. *Id.* at 843-45. Congress explicitly directed the Secretary of the Treasury to issue "all needful rules and regulations" for the enforcement of the Code. 26 U.S.C. § 7805(a). When the statutory text does not directly and conclusively address the precise question covered by regulation, an agency's construction of its governing statute through its regulations should be sustained as long as it "is a reasonable policy choice for an agency to make." *Id.* at 845. Here, the IRS has created a reasonable and straightforward construction for taxpayers to seek an administrative resolution to the Government collecting unauthorized taxes. *See Martin v. United States*, No. 05-2506, 2006 WL 2714944, at *6, n. 3 (D.D.C. Sept. 22, 2006)

allegedly unavailable or inadequate. The court found this argument unavailing because "when exhaustion is mandated by statute, courts are not free to carve out exceptions that are not supported by the text." *Id.*; *accord Lindsey v. U.S.*, 448 F. Supp. 2d 37, 52 (D.D.C. 2006); *see also Jaeger v. United States*, No. 06-625, 2006 WL 1518938 (D.D.C. May 26, 2006) (where a taxpayer failed to state any basis for his claim of exhaustion in his boilerplate complaint or in response to the court's order to show cause, there was no dispute that the plaintiff failed to exhaust and the case was dismissed).

The Government alleges in its motion to dismiss that Mr. Martens failed to exhaust his administrative remedies. The boilerplate Complaint alleges in conclusory fashion that Mr. Martens has satisfied the exhaustion requirement. *See* Compl. ¶ 6 ("Plaintiff has exhausted all administrative remedies . . . ."); *id.* ¶ 24 ("Administrative claims which plaintiff filed with the [IRS] and the Secretary of the Treasury worked to satisfy the requirement that a 'taxpayer' must exhaust administrative remedies . . . ."); *id.* ¶ 29 (alleging that Plaintiff has exhausted all administrative remedies before bringing this suit by disputing the tax claims made by the Defendant and petitioning the Commissioner of the Internal Revenue Service for records of assessment without receiving any response). These conclusory allegations are not enough to sustain the complaint. *See Jaeger*, 2006 WL 1518938 at *2.

In his opposition to the Government's motion to dismiss, Mr. Martens proffers that he exhausted all administrative remedies. Pl.'s Resp. at 21-22. He states that on July 10, 2006, the Internal Revenue Service received his Verified Administrative Claim. *Id.*[3] Mr. Martens asserts that

---

[3]The Court notes that Plaintiff filed nine exhibits with his response to Defendant's Motion to Dismiss [Dkt #14], but failed to attach a copy of the claim or any documentation that would

the claim was mailed via certified mail to "Internal Revenue Service, Area 11, Area Director Denver, 600 17th Street, Denver, CO 80202-2490, Attn: Compliance Technical Support Manager." *Id*. In addition, he alleges that more than six months have passed without any response from the Internal Revenue Service. *Id*. at 22. Taking Mr. Martens's factual allegations as true, there would be a proper exhaustion of administrative remedies.

However, at the time he filed the instant Complaint, Mr. Martens was not in compliance with 26 C.F.R. § 301.7433-1(d). The statute requires that taxpayers seeking damages for alleged wrongful collection of federal taxes must file an administrative claim prior to filing suit and must wait six months before commencing a suit in district court, unless the Secretary issues a ruling earlier. *See* 26 C.F.R. § 301.7433-1(d) (section entitled "No civil action in federal district court prior to filing an administrative claim"). Mr. Martens complaint was filed on September 12, 2005. Compl. at 1. The "Verified Administrative Claim" was not received by the Internal Revenue Service until ten months later. Pl. Resp. at 21-22.

In order for Mr. Martens's Complaint to be viable, he was required to have exhausted his administrative remedies prior to filing his complaint with the Court. *See McNeil v. United States*, 508 U.S. 106, 112 (1980); *Hallstrom v. Tillamook County*, 493 U.S. 20 (1989) (Supreme Court holding that a statute that required that "[n]o action may be commenced…prior to 60 days after the plaintiff has given notice of the violation" required the plaintiff to give notice before the federal action was filed); *Schneider v. Kissinger*, 310 F. Supp.2d 251, 269-70 (D.D.C. 2004) (holding that it was necessary for plaintiff to complete the administrative process before coming to court). The

---

substantiate the fact that a proper claim was made to the IRS in accordance with 26 CFR § 301.7433-1(e)(i)&(2).

legislative history also demonstrates that Congress intended that all administrative remedies be complete before a Plaintiff can initiate judicial proceedings. *See* H. Rep. No. 105-364, pt. 1, at 59 (1997) ("No person is entitled to seek civil damages for negligent, reckless, or intentional disregard of the Code or regulations in a court of law unless he first exhausts his administrative remedies."); S. Rep. 105-75, at 49 (1998) (same). Mr. Martens's premature filing cannot be cured by the passage of time. Section 7433 requires a plaintiff to *complete* administrative processes before beginning any judicial proceedings.

Furthermore, Mr. Martens's statements in his complaint that he exhausted his administrative remedies are merely conclusory statements without any factual support, which cannot survive a motion to dismiss. *Twombly*, 127 S. Ct at 1964-65; *Browning*, 292 F.2d at 242. Mr. Martens fails to allege that he filed his administrative claim for damages prior to filing suit in this Court. Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court will dismiss the claim for damages under § 7433 without prejudice.[4]

**B. Refund Claims**

Mr. Martens also seeks a tax "refund of all unassessed taxes . . . and an order requiring defendant's principals, officers, agents, rogue agents and/or employees to cease

---

[4] In addition to arguing that Mr. Martens failed to state a claim upon which relief may be granted, the Government also contends that failure to exhaust remedies under § 7433 is a jurisdictional defect, which requires the Court to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *See* Mot. to Dismiss at 7-9 (relying on *McGuirl v. U.S.*, 360 F. Supp. 2d 125, 128 (D.D.C. 2004)). This Court agrees with the court in *Turner*, 429 F. Supp. 2d 149, which held that exhaustion under § 7433 is nonjurisdictional because Congress did not expressly designate exhaustion under this statute as jurisdictional. *See Turner*, 429 F. Supp. 2d at 154. "[W]hen Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." *Id.* (quoting *Arbaugh v. Y & H Corp.*, 126 S. Ct. 1235 (2006)). Therefore, the Government's Motion to Dismiss will be granted on the alternative basis that the Complaint fails to state a claim on which relief can be granted.

disregarding any provision of Title 26 United States Code." Compl. ¶ 33.[5] 28 U.S.C. § 2846 vests jurisdiction in the district courts over

> [a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws.

28 U.S.C. § 2846(a)(1); *U.S. v. Dalm*, 494 U.S. 596, 602 (1990). The right to bring such an action, however, is limited by 26 U.S.C. § 7422, which requires the exhaustion of administrative remedies as follows:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a). The Supreme Court has described this requirement as one of administrative exhaustion. *U.S. v. Williams*, 514 U.S. 527, 532-33 (1995) ("Under 26 U.S.C. § 7422, a party may not bring a refund action without first exhausting administrative remedies . . . .").

The exhaustion requirement in 26 U.S.C. § 7422 is jurisdictional, based on the plain language of the statute. *Lindsey*, 448 F. Supp. 2d at 51 (citing *Arbaugh*, 126 S. Ct. at 1245 ("If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional,

---

[5] Plaintiff asserts in his opposition to the Motion to Dismiss that the Government wrongly misconstrued his complaint as a refund suit, but Plaintiff in the remedy section of his Complaint specifically asks the Court to <u>refund</u> all unassessed taxes. The Court construes this as a refund suit. *See* Compl. ¶ 33.

then courts and litigants will be duly instructed.")). "By its plain terms, the provision precludes a civil action from proceeding in federal court before the plaintiff files a refund claim with the Secretary of the Treasury and complies with the administrative procedures adopted by the Secretary." *Lindsey*, 448 F. Supp. 2d at 51 .

        Again, the form Complaint asserts only in the most conclusory fashion that Mr. Martens has satisfied the exhaustion requirement. S*ee* Compl. ¶¶ 6, 24. In response to the motion to dismiss, Mr. Martens contests that he exhausted his administrative remedies (Pl.'s Resp. at 21-22), but as stated before, these efforts were begun well after Mr. Martens filed his Complaint with this Court. Moreover, a suit for refund of taxes may not be maintained in any court unless a claim for refund has been filed, and the taxpayer has fully paid the tax assessment. *See Dalm*, 494 U.S. at 602; *Flora v. United States*, 362 U.S. 145, 177 (1960). Mr. Martens does not represent that he has filed a claim for a refund, nor does he represent that he has fully paid the assessed tax. Because he has not fully complied with the statute, this Court does not have jurisdiction over Mr. Martens's refund claim. The refund claim will be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

### C. Claim for Injunctive Relief

        Mr. Martens also seeks an order "enjoining the [IRS] . . . from engaging in any further collection activity . . . until all claims are fully resolved and the return of all sums wrongfully collected" occurs. Compl. ¶ 34. This request is barred by the Anti-Injunction Act ("AIA"), which provides:

> [N]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

26 U.S.C. § 7421(a); *see also Hibbs v. Winn*, 542 U.S. 88, 102-03 (2004). As the Supreme Court has noted, "[t]he object of § 7421(a) is to withdraw jurisdiction from the state and federal courts to entertain suits seeking injunctions prohibiting the collection of federal taxes." *See Enochs v. Williams Packaging & Navigation Co.*, 370 U.S. 1, 5 (1962). The AIA serves two purposes: "It responds to the Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference; and it require[s] that the legal right to the disputed sums be determined in a suit for refund." *Hibbs*, 542 U.S. at 103 (citations and internal quotations deleted).

A district court "must dismiss for lack of subject matter jurisdiction any suit that does not fall within one of the exceptions to the Anti-Injunction Act." *Gardner v. U.S.*, 211 F.3d 1305, 1311 (D.C. Cir. 2000). Although the Act contains a number of statutory exceptions, none of those exceptions is applicable to Mr. Martens.[6] There are two narrow judicially created exceptions to the AIA: (1) where the plaintiff has no "alternative legal way to challenge the validity of a tax;" and (2) where the taxpayer is certain to succeed on the merits and the collection would cause irreparable harm. *See South Carolina v. Regan*, 465 U.S. 367, 373 (1984); *Enochs*, 370 U.S. at 7 (1962); *Nat'l Taxpayers Union v. U.S.*, 68 F.3d 1428, 1436 (D.C. Cir. 1995) (quoting *Younger v. Harris*, 401 U.S.

---

[6] The statutory provisions excepted from the Anti-Injunction Act are 26 U.S.C. §§ 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436. *See* 26 U.S.C. § 7421(a). While Mr. Martens cites two of these provisions, §§ 6212 & 6213(a), in his Complaint, he does so only in a conclusory manner and does not allege any facts or provide any documentation to support his statements. Compl. ¶7(g) & (h). No additional details or information are provided in Plaintiff's Response to the Defendant's Motion to Dismiss. Accordingly, the Court concludes that none of the exceptions to 26 U.S.C. § 7421 applies in this case. *See Lindsey*, 448 F. Supp.2d at 58 (holding that exceptions to Anti-Injunction Act's broad prohibition on orders enjoining the assessment or collection of federal tax did not apply because plaintiffs did not allege a factual basis to support their conclusory allegations).

37, 43-44 (1971) ("The basic doctrine of equity jurisprudence [is] that courts of equity should not act . . . when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief.")).

Mr. Martens cannot rely on either exception. He is ineligible for the *South Carolina* exception because, as noted earlier, he can challenge the validity of the tax assessments by filing a refund claim. *See South Carolina*, 465 U.S. at 374-76. The *Williams Packing* exception is unavailable for much the same reason — Mr. Martens has an adequate legal remedy, in the form of a refund claim, to challenge any improper collection of taxes.[7] Mr. Martens attempts to argue that under *Laing v. United States*, 423 U.S. 161, 162 (1976), the Government's failure to record any assessment allows his case to fall under an exception to the AIA . *See* Compl. at 13-14. He contends that the AIA only prohibits suits for injunctions when an assessment was done validly. Plaintiff asserts that because there was no valid assessment, the AIA is inapplicable. Compl. ¶ 30. But *Laing* only refers to situations in which notice was improper under 26 U.S.C. § 6861(b) or when the taxpayer did not have the opportunity to litigate in Tax Court about seized property under 26 U.S.C. § 6863. *See Laing*, 423 U.S. at 183 n.26; *Lindsey*, 448 F. Supp. 2d at 60 n.15. Here Mr. Martens's allegations regarding notice are made in a conclusory manner and assert no specific facts. Further, Mr. Martens does not allege any violations of § 6861(b) or § 6863. Accordingly, the Court will deny Mr. Martens's request for an injunction.

---

[7] Mr. Martens has not shown that he will suffer irreparable harm if required to pay taxes in full before claiming a refund, *see Nat'l Taxpayers Union*, 68 F.3d at 1436, and he has failed to demonstrate that the Government could under no circumstances prevail here — for example, by adducing facts suggesting that the IRS has flouted the tax code or imposed taxes with no basis in fact. *See Williams Packing*, 370 U.S. at 7; *Investment Annuity v. Blumenthal*, 609 F.2d 1, 5 (D.C. Cir. 1979) (placing this burden on the plaintiff).


## III. CONCLUSION

For the foregoing reasons, the Court will grant [Dkt. #13] the Government's motion to dismiss Mr. Martens's damages claims for failure to state a claim under Rule 12(b)(6), his refund claim for lack of subject matter jurisdiction under Rule 12(b)(1), and his injunction claim for lack of subject matter jurisdiction under Rule 12(b)(1). The Court will deny all other pending motions as moot.[8]

A separate order accompanies this Memorandum Opinion.

Date: July 6, 2007

/s/
ROSEMARY M. COLLYER
United States District Judge

---

[8] The Government also requested dismissal of the Complaint on the ground that Plaintiff failed to serve the United States properly. *See* Def.'s Mot. at 2-4; Return of Service [Dkt. #3]. Although Plaintiff did not perfect service after the Defendant's motion was filed, the Court at that time provided no instruction of the kind required by *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993), making clear the consequences of failing to perfect service. *See Lindsey v. United States*, 448 F. Supp.2d 37, 46-47 (D.D.C. 2006). Further, the Court notes that the particular defect in service performed by Plaintiff was not significant. While Rule 4(c)(2) does require service to be made by a person not a party to the action, the Defendant cannot seriously contend that the identity of the person who sent the summons and complaint by certified mail prejudiced the Defendant in any way. *See id.* (court noting that Rule 4(c)(2)'s requirement that parties not effect service of process themselves would not be served by dismissing the case on the grounds that the pro se plaintiffs mailed the summons and complaint to the defendant rather soliciting a stranger to mail them on the plaintiff's behalf). Therefore the Court denies the Government's motion inasmuch as the Government requests dismissal on the basis of insufficient service of process grounds.